**KINGSLEY & KINGSLEY, APC**
ERIC B. KINGSLEY, Esq. (SBN 185123)
eric@kingsleykingsley.com
KELSEY M. SZAMET, Esq. (SBN 260264)
kelsey@kingsleykingsley.com
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Tel: (818) 990-8300
Fax: (818) 990-2903

**DAVTYAN PROFESSIONAL LAW CORPORATION**
EMIL DAVTYAN, Esq. (SBN-299363)
emil@davtyanlaw.com
21900 Burbank Blvd, 3rd Floor
Woodland Hills, CA 91306
Tel: (818) 992-2935
Fax: (818) 975-5525

Attorneys for Plaintiff JOSEPH ESTES

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ESTES an individual, on behalf of himself and others similarly situated,<br><br>PLAINTIFF,<br><br>v.<br><br>L3 TECHNOLOGIES, INC.; L3 UNIDYNE, INC.; and DOES 1 thru 50, inclusive,<br><br>DEFENDANTS. | CASE NO.  3:17-cv-02356-H-JMA<br><br>[Case Assigned for All Purposes to Hon. Marilyn L. Huff]<br><br>**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Filed concurrently with Declaration of Eric B. Kingsley and Proposed Order]*<br><br>Hearing  Date: August 1, 2018<br>Time: 10:30 a.m.<br><br>Trial Date:         None Set<br>FAC Filed:         February 9, 2018<br>Complaint Filed:   November 21, 2017 |

1

1   **TO THE COURT AND TO ALL PARTIES:**

2   PLEASE TAKE NOTICE, that as soon as this matter may be heard, as

3   practicable with this Court's calendar, Plaintiff JOSEPH ESTES will, and hereby

4   does, move this Court for an order granting preliminary approval of a proposed class

5   action settlement. The terms of the settlement are contained within the Stipulation

6   of Settlement filed herewith. This motion is unopposed by Defendants.

7   This motion is based on this Notice and accompanying Memorandum of

8   Points and Authorities, the Declaration of Eric B. Kingsley, the Stipulation of

9   Settlement, Notice of Claim, [Proposed] Order Preliminarily Approving Settlement,

10  and [Proposed] Order and Final Judgment, all filed herewith, and on such further

11  evidence and argument as may be presented at the hearing.

12  DATED: June 21, 2018                    KINGSLEY & KINGSLEY, APC

13

14                              By: _____

15                                  Eric B. Kingsley
16                                  Kelsey M. Szamet
                                    Attorneys for Plaintiff JOSEPH ESTES
17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# **TABLE OF CONTENTS**

I.     INTRODUCTION..................................................................... 1

II.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND ................. 3

III.   SUMMARY OF SETTLEMENT TERMS....................................... 4

       A.    The Settlement Classes ................................................ 4

       B.    Settlement Class Periods.............................................. 5

       C.    Settlement Fund ......................................................... 5

IV.    PRELIMINARY SETTLEMENT APPROVAL PROCESS......................... 7

       A.    Provisional Certification of the Settlement Classes ............ 9

       B.    Settlement Administration Timeline ............................... 9

V.     PRELIMINARY APPROVAL OF THE SETTLEMENT IS
       APPROPRIATE......................................................................... 9

       A.    The Terms of the Proposed Settlement Provide Reasonable
             Compensation for Plaintiff's and Settlement Class Members'
             Damages................................................................ 12

             1.    The Settlement Provides a Significant Monetary Benefit
                   to Class Members .................................................. 12

             2.    The Settlement's Financial Terms Reflect a Fair Discount
                   From the Maximum Value of the Case Based on
                   litigation Risks.................................................. 13

       B.    The Settlement Is the Product of Serious, Arm's-Length,
             Informed Negotiations and There Are No Indications Present to
             Doubt Its Fairness .................................................. 16

VI.    PROVISIONAL CLASS CERTIFICATION IS APPROPRIATE............... 17

       A.    FRCP 23(a) Requirements for Class Certification Are Met............... 17

             1.    Numerosity ......................................................... 17

             2.    Commonality ....................................................... 18

             3.    Typicality......................................................... 18

i

4.    Adequacy of Representation ........................................ 19

B.    FRCP 23(b)(3) Requirements for Class Certification Are Met .......... 20

1.    Predominance ............................................................ 20

2.    Superiority ................................................................. 21

VII.   THE PROPOSED CLASS NOTICE IS APPROPRIATE ........................... 21

A.    The Class Notice Satisfies Due Process ............................... 21

B.    The Proposed Notice Is Accurate and Informative .......................... 21

VIII.  PLAINTIFF REQUESTS A FINAL APPROVAL HEARING ................... 22

IX.    CONCLUSION ..................................................................... 23

# TABLE OF AUTHORITY

## FEDERAL CASES

*Acosta v. Trans Union LLC,*
   243 F.R.D. 377 (C.D. Cal. 2007) ........................................................... 10

*Alberto v. GMRI, Inc.,*
   252 F.R.D. 652 (E.D. Cal. 2008) ............................................................. 7

*Alvarado v. Nederend,*
   2011 WL 90228 (E.D. Cal. Jan. 11, 2011) ............................................. 7

*Amchem Prods., Inc. v. Windsor,*
   521 U.S. 591 (1997) .............................................................................. 20

*Class Plaintiffs v. City of Seattle,*
   955 F.2d 1268 (9th Cir. 1992) ................................................................ 8

*Collins v. Cargill Meat Solutions Corp.,*
   2011 WL 837140 (E.D. Cal. Mar. 9, 2011) ........................................... 7

*Cotton v. Hinton,*
   559 F.2d 1326 (5th Cir. 1977) .............................................................. 16

*Dunford v. Am. DataBank, LLC,*
   64 F. Supp. 3d 1378 (N.D. Cal. 2014) .................................................. 15

*Ellis v. Costco Wholesale Corp.,*
   657 F.3d 970 (9th Cir. 2011) ................................................................ 14

*Gen. Tel. Co. of the SW v. Falcon,*
   457 U.S. 147 (1982) .............................................................................. 19

*Griffin v. Carlin,*
   755 F.2d 1516 (11th Cir. 1985) ............................................................ 19

*Hanlon v. Chrysler Corp.,*
   150 F. 3d 1011 (9th Cir. 1998) ..................................................... passim

*Harris v. Vector Marketing Corp.,*
   2011 WL 1627973 (N.D. Cal. Apr. 29, 2011) ....................................... 8

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*In re Corrugated Container Antitrust Litig.*,

   643 F.2d 195 (5th Cir. 1981) ........................................................................... 12

*In re Prudential Securities, Inc.*,

   163 F.R.D. 200 (S.D.N.Y. 1995) .................................................................... 10

*In re Syncor ERISA Litig.*,

   516 F.3d 1095 (9th Cir. 2008) ......................................................................... 7

*In re Tableware Antitrust Litig.*,

   484 F. Supp. 2d 1078 (N.D. Cal. 2007) ......................................................... 8

*In re Traffic Exec. Ass'n*,

   627 F.2d 631 (2d Cir. 1980)............................................................................ 10

*In re UTStarcom, Inc. Sec. Litig.*,

   No. C04-04908 JW, 2010 WL 1945737 (N.D. Cal. May 12, 2010)................. 17

*Martens v. Smith Barney, Inc.*,

   181 F.R.D. 243 (S.D.N.Y. 1998) .................................................................... 16

*Mazza v. Am. Honda Motor Co.*,

   666 F.3d 581 (9th Cir. 2012) .......................................................................... 14

*Milbourne v. JRK Residential Am., LLC*,

   No. 3:12CV861, 2016 WL 1071570 (E.D. Va. Mar. 15, 2016) ...................... 14

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,

   221 F.R.D. 523 (C.D. Cal. 2004)..................................................................... 7

*Officers for Justice v. Civ. Serv. Comm'n of San Francisco*,

   688 F.2d 615 (9th Cir. 1982) .......................................................................... 16

*Pataky v. Brigantine, Inc.*,

   No. 17-cv-00352-GPC-AGS 2018 WL 3020159 (S.D. Cal. June 19, 2018)............ 18

*Schleicher v. Wendt, No. 1:02-CV-1332-DFH-TAB*,

   2009 WL 761157 (S.D. Ind. Mar. 20, 2009).................................................... 15

*Speaks v. U.S. Tobacco Coop., Inc.*,

   324 F.R.D. 112 (E.D.N.C. 2018) .................................................................... 18

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Syed v. M-I, LLC*,
  853 F.3d 492 (9th Cir. 2017) ................................................................................... 14

*Thorn v. Jefferson-Pilot Life Ins. Co.*,
  445 F.3d 311 (4th Cir. 2006) ................................................................................... 15

*Torrisi v. Tucson Elec. Power Co.*,
  8 F.3d 1370 (9th Cir. 1993) ................................................................................. 8, 10

*Van Bronkhorst v. Safeco Corp.*,
  529 F.2d 943 (9th Cir. 1976) ..................................................................................... 9

*Welmer v. Syntex*,
  117 F.R.D. 641 (N.D. Cal. 1987) ............................................................................ 19

*Yamamoto v. Omiya*,
  564 F.2d 1319 (9th Cir. 1977) ................................................................................ 10

**FEDERAL STATUTES**

15 U.S.C § 1681n(a)(1) ............................................................................................... 14

15 U.S.C. § 1681b ......................................................................................................... 1

15 U.S.C. § 1681p ....................................................................................................... 15

**STATE STATUTES**

California Labor Code § 226(e)(2) .............................................................................. 13

California Labor Code § 226(a)(8) ............................................................... 1, 3, 14, 15

Code of Civil Procedure § 384(b)(3) ........................................................................... 6

**FEDERAL RULES**

Federal Rules of Civil Procedure 23(a) .......................................................... 17, 18, 19

Federal Rules of Civil Procedure 23(a)(4) ................................................................ 19

Federal Rules of Civil Procedure 23(b) ..................................................................... 17

Federal Rules of Civil Procedure 23(b)(3) ........................................................... 20, 21

Federal Rules of Civil Procedure 23(c)(2) ................................................................ 22

Federal Rules of Civil Procedure 23(c)(2)(B) ........................................................... 21

Federal Rules of Civil Procedure 23(c)(3) ................................................................ 22

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Federal Rules of Civil Procedure 23(e) .......................................................... 7, 17, 22

Federal Rules of Civil Procedure 23(e)(4)(A) ............................................................ 22

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# I.    **INTRODUCTION**

Plaintiff JOSEPH ESTES ("Plaintiff" or "ESTES"), on his behalf and on behalf of all others similarly situated, and Defendants L3 UNIDYNE, INC and L3 TECHNOLOGIES, INC. ("Defendants") (together with Plaintiff, the "Parties") have reached an agreement to settle this matter.  Plaintiff believes the settlement to be fair and reasonable and now seeks preliminary approval of the proposed Stipulation of Settlement ("Stipulation" or "Settlement Agreement").[1]

The Settlement Agreement provides real and valuable relief to hundreds of Defendants' present and former employees.  Plaintiff brought this action against Defendants based on Defendants' alleged violation of the Fair Credit Reporting Act and failure to provide accurate itemized wage statements.  Specifically, Plaintiff contends that Defendants violated the Fair Credit Reporting Act 15 U.S.C. § 1681b, et seq. and California Labor Code § 226(a)(8) by failing to (1) make proper background check disclosures, (2) obtain proper background check authorization, and (3) provide accurate itemized wage statements.

Plaintiff seeks preliminary approval of two proposed settlement classes (together, the "Settlement Classes") composed of and defined as follows:

a.    "All individuals who applied for a position with L3 Unidyne, Inc. in the United States who filled out a "Background Investigative Consent" form that included an authorization and liability release clause at any time during the period beginning five (5) years prior to the filing of the Class Action Complaint in this action through the earlier of preliminary approval of the settlement or July 1, 2018 (the "FCRA Class")."

b.    "All L3 Unidyne, Inc. employees in the State of California who worked one or more pay periods since one (1) year prior to the filing of the First Amended Class Action Complaint in this action and continuing through the earlier of preliminary approval of the settlement or July 1, 2018 (the "Wage Statement Class")."

---

[1] The Parties' joint Stipulation is attached to the Declaration of Eric B. Kingsley, submitted herewith as **Exhibit 1**.

During the applicable FCRA Class period of November 21, 2012 through July 1, 2018 (the "FCRA Settlement Period"), it is estimated there are approximately 840 class members; during the Wage Statement Class period of November 21, 2016 through July 1, 2018 (the "Wage Statement Settlement Period"), it is estimated there are 213 class members.  Declaration of Eric B. Kingsley in Support of Motion for Preliminary Approval of Class Action Settlement ("Kingsley Decl.") at ¶ 4.

The Parties have agreed to settle this matter for a total of $275,000, without reversion or discount.  The Settlement Agreement provides that members of the FCRA Class who do not opt out shall receive a settlement amount for the FCRA claim, and members of the Wage Statement Class who do not opt out will receive a separate settlement amount for the Wage Statement claim.  Kingsley Decl., ¶ 5.

This proposed settlement resolves all of the Plaintiff's and Participating Settlement Class Members' (defined below) claims against Defendants and satisfies all of the criteria for preliminary settlement approval.  Plaintiff believes that the settlement is fair, just, reasonable, and adequate.  Accordingly, the Parties request that the Court:

1.  Provisionally certify the proposed Settlement Classes for settlement purposes only;

2.  Grant preliminary approval of the proposed settlement;

3.  Approve the proposed notice program and the notice documents proposed by the Parties (collectively the "Settlement Documents");

4.  Confirm the appointment of Plaintiff JOSEPH ESTES as class representative;

5.  Confirm the appointment of Eric B. Kingsley and Kelsey M. Szamet of Kingsley & Kingsley, APC and Emil Davtyan of Davtyan Professional Law Corporation as counsel for the Settlement Classes ("proposed Class Counsel");

6.  Confirm the appointment of RG/2 Claims Administration LLC as

2

settlement administrator;

7.   Set deadlines for mailing or, with respect to current employees, emailing Settlement Documents, opting out of, or objecting to the settlement; and

8.   Schedule a final approval hearing (the "Final Approval Hearing").

## II.   PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On November 21, 2017, Plaintiff filed a class action complaint in the United States District Court for the Southern District of California, alleging two causes of action under the Fair Credit Report Act's ("FCRA") disclosure and authorization requirements based upon Defendant L3 Technologies, Inc.'s alleged unlawful inclusion of a liability release in its allegedly "standard" background check consent form. Kingsley Decl., ¶ 6, Ex. A, Stip. at 5:11-14.

On January 29, 2018, Defendant L3 Technologies, Inc. filed a motion to dismiss Plaintiff's complaint for various reasons, including lack of Article III standing and that it was not the entity responsible for the allegedly improper disclosure and authorization form.   Plaintiff filed a First Amended Complaint ("FAC") on February 9, 2018, adding L3 Unidyne, Inc. as a defendant and a third claim for a violation of California Labor Code § 226(a)(8) against L3 Unidyne, Inc. Kingsley Decl., ¶ 7, Ex. A, Stip. at 5:15-18.

As the filing of the FAC rendered the pending motion to dismiss moot, on March 2, 2018, Defendants filed a new motion to dismiss Plaintiff's FAC.  Kingsley Decl., ¶ 8, Ex. A, Stip. at 5:90-21.

The Parties agreed to attend a full-day mediation with Hon. Carl J. West (Ret.) on May 9, 2018.  The Parties engaged in good faith, arms-length negotiations and were able to reach a tentative settlement of the litigation, subject to finalization of a formal stipulation for resolution and the approval of the Court.  The Parties have since engaged in extensive negotiations about the terms and conditions of the settlement.  The Parties have now entered the formalized Stipulation for submission

3

1   to the Court.  Kingsley Decl., ¶ 9, Ex. A, Stip. at 5:27-6:7.

2   Proposed Class Counsel has conducted an investigation of the law and facts
3   relating to the claims asserted in the litigation and has concluded, taking into account
4   the sharply contested issues involved, the expense and time necessary to pursue
5   litigation of the matter through trial and any appeals, the risks and costs of further
6   litigation, the risk of an adverse outcome, the uncertainties of complex litigation, and
7   the substantial benefits to be received by the Plaintiff and the members of the
8   Settlement Classes pursuant to the Settlement Agreement, that a settlement with
9   Defendants on the terms and conditions set forth in the Settlement Agreement is fair,
10  just, reasonable, adequate, and in the best interests of the Settlement Classes.
11  Plaintiff, on his own behalf and on behalf of the Settlement Classes, has agreed to
12  the proposed settlement with Defendants on the terms set forth herein.  Kingsley
13  Decl., ¶ 10, Ex. A, Stip. at 6:8-24.

14  Discussions between counsel for the Parties, informal discovery, as well as
15  the diligent investigation and evaluation of the claims of Plaintiff by the Parties, have
16  permitted each side to assess the relative merits of the claims and the defenses to
17  those claims.  Based on their own independent investigations and evaluations,
18  proposed Class Counsel is of the opinion that the consideration and terms of the
19  settlement as described herein, considering the risk of loss on class certification, the
20  risk of loss on the merits, and the risk of a reduction in any damages sought or
21  awarded, is fair, just, reasonable, and adequate in light of all known facts and
22  circumstances, and is in the best interests of the Settlement Classes.  Kingsley Decl.,
23  ¶ 11.

24  **III.   SUMMARY OF SETTLEMENT TERMS**

25  Though detailed fully in the concurrently-submitted Stipulation, the
26  significant terms of the settlement are set forth below.

27  **A. The Settlement Classes**

28  The Settlement Classes are defined as:

4

i.   "All individuals who applied for a position with L3 Unidyne, Inc. in the United States who filled out a "Background Investigative Consent" form that included an authorization and liability release clause at any time during the period beginning five (5) years prior to the filing of the Class Action Complaint in this action through the earlier of preliminary approval of the settlement or July 1, 2018 ."

ii.  "All L3 Unidyne, Inc. employees in the State of California who worked one or more pay periods since one (1) year prior to the filing of the First Amended Class Action Complaint in this action and continuing through the earlier of preliminary approval of the settlement or July 1, 2018 ."

Kingsley Decl., ¶ 12, Ex. A, Stip. at 4:18-27.  Members of one or both of the Settlement Classes are "Settlement Class Members."  Kingsley Decl., ¶ 15, Ex. A, Stip. at 5:1-2.

**B. Settlement Class Periods**

The operative settlement periods for each class are November 21, 2012 through the earlier of preliminary approval of the settlement or July 1, 2018 for the FCRA Class and February 9, 2017 through the earlier of preliminary approval of the settlement or July 1, 2018 for the Wage Statement Class.  Kingsley Decl., ¶ 14, Ex. A, Stip. at 5:4-9.

**C. Settlement Fund**

The total amount of the settlement shall be $275,000 (the "Maximum Settlement Amount"), without reversion or discount.  The projected allocation of funds from the Maximum Settlement Amount is as follows:

| Category | Amount |
| --- | --- |
| **Maximum Settlement Amount:** | **$  275,000.00** |
| Class Counsel Fees (33%): | $  [91,666.67] |
| Class Counsel Costs: | $    [6,000.00] |
| Plaintiff Enhancement: | $    [5,000.00] |
| Net Settlement Amount: | $  172,333.33 |

///

5

1    Each Settlement Class Member that does not opt out shall be a "Participating

2  Settlement Class Member." Kingsley Decl., ¶ 15, Ex. A, Stip. at 4:1-3.

3    The Net Settlement Amount to each Participating Settlement Class Member

4  will be determined based upon two components: an amount for the FCRA claim and

5  a separate amount for the wage statement claim. For the FCRA claim, the Parties

6  agree that each of the approximately 840 FCRA Class members shall each receive

7  $75. This means that approximately $63,000 of the Net Settlement Amount is

8  allocated to the FCRA Class. The remainder of the Net Settlement Amount,

9  estimated to be $109,333.33, shall be divided pro rata per Wage Statement Class

10  member based upon the estimated number of Eligible Itemized Wage Statements

11  that she/he received as compared to the total number of Eligible Itemized Wage

12  Statements that each Wage Statement Class member has received in California at

13  any time during the Wage Statement Settlement Period. Kingsley Decl., ¶ 16, Ex.

14  A, Stip. at 14:13-24.

15    If an objection to the settlement is made but no appeal is filed, then individual

16  Participating Settlement Class Members' payments, attorneys' fees, attorneys'

17  expenses, and Plaintiff's enhancement award, shall be made by the Claims

18  Administrator to Class Counsel within sixty (60) days of the Final Approval order.

19  If an appeal is filed, payment of all claims, attorneys' fees, attorneys' expenses, and

20  Plaintiff's enhancement award, shall occur within sixty (60) days of the date the

21  judgment is Final and no longer subject to appeal. The settlement is not conditioned

22  on the approval of the award of attorneys' fees, attorneys' expenses, or any

23  enhancement award. Kingsley Decl., ¶ 17, Ex. A, Stip. at 15:1-7.

24    Any funds that remain uncashed after 180 days shall be turned over by the

25  Claims Administrator, with information for each Participating Settlement Class

26  Member who failed to timely cash his/her settlement check. The Claims

27  Administrator shall distribute the uncashed funds consistent with Code of Civil

28  Procedure Section 384(b)(3) with 25% to the State Treasury for deposit in the Trial

6

1    Court Improvement and Modernization Fund, 25% to the State Treasury for deposit

2    in the Equal Access Fund of the Judicial Branch, and 50% to Bet Tzedek Legal

3    Services. Kingsley Decl., ¶ 18, Ex. A, Stip. at 15:8-11.

4    **IV.    PRELIMINARY SETTLEMENT APPROVAL PROCESS**

5        A class action may not be dismissed, compromised, or settled without court

6    approval. Fed. R. Civ. P. ("FRCP") 23(e). "The purpose of Rule 23(e) is to protect

7    the unnamed members of the class from unjust or unfair settlements affecting their

8    rights." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008).

9        Judicial proceedings under the FRCP have led to a defined procedure and

10   specific criteria for settlement approval in class actions that are thoroughly described

11   in the Manual for Complex Litigation (Fourth) ("*Manual* (Fourth)") § 21.62 (2004).

12   FRCP 23(e) sets forth a "two-step process in which the Court first determines

13   whether a proposed class action settlement deserves preliminary approval and then,

14   after notice is given to class members, whether final approval is warranted." *Nat'l*

15   *Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004)

16   (citing Manual for Complex Litigation (Third) § 30.41 at 236-37 (1995)).

17
18
19
20
21
22
23
24
25
26
27
> [T]he Court may grant preliminary approval of a settlement and direct notice to the class if the settlement: (1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) falls within the range of possible approval. *See Alvarado v. Nederend*, 2011 WL 90228, at *5 (E.D. Cal. Jan. 11, 2011) (granting preliminary approval of settlement in wage and hour class action); *Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 666 (E.D. Cal. 2008); *Collins v. Cargill Meat Solutions Corp.*, 2011 WL 837140, at *6 (E.D. Cal. Mar. 9, 2011) (granting preliminary approval of settlement in wage and hour class action); Joseph M. McLaughlin, McLaughlin on Class Actions: Law and Practice § 6.6 (7th ed. 2011) ("Preliminary approval is an initial evaluation by the court

28

7

> of the fairness of the proposed settlement, including a determination that there are no obvious deficiencies such as indications of a collusive negotiation, unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys. . . .").
> Closer scrutiny is reserved for the final approval hearing.

*Harris v. Vector Marketing Corp.*, 2011 WL 1627973, \*7 (N.D. Cal. Apr. 29, 2011); *see also In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007); *Hanlon v. Chrysler Corp.*, 150 F. 3d 1011, 1026 (9th Cir. 1998) (the court's task is to "balance a number of factors," including "the strength of the plaintiffs' case," "the risk, expense, complexity, and likely duration of further litigation," "the risk of maintaining class action status throughout the trial," "the extent of discovery completed and the stage of the proceedings," and "the amount offered in settlement"); *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993) (same). This procedure for preliminary approval of settlement agreements, endorsed by the leading class action commentator, Professor Newberg, and commonly used by Federal courts, safeguards class members' procedural due process rights and enables a court to fulfill its role as the "guardian" of the class. *See* 4 Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* ("*Newberg*"), § 11.22 (4th ed. 2002).

The approval or rejection of the proposed settlement is committed to the Court's sound discretion. *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (in the context of a class action settlement, an appellate court cannot "substitute [its] notions of fairness for those of the [trial] judge and the parties to the agreement," and will reverse only upon a strong showing of clear abuse of discretion) (internal quotations omitted).

The Court's preliminary evaluation of the proposed settlement purports to determine whether it is within the permissible "range of reasonableness" and thus, whether the notice to the class is appropriate. 4 *Newberg* § 11.25-26; Manual for Complex Litigation (Third) ("*Manual* (Third)") § 30.41 (1995).

8

## A. Provisional Certification of the Settlement Classes

The Parties request that the Court provisionally certify the proposed Settlement Classes (as defined in the Parties' Stipulation). Provisional class certification is appropriate at the preliminary approval stage where, as here, the proposed Settlement Classes have not previously been certified by the Court, and the requirements for certification are met. 4 *Newberg* §§ 11.22, 11.27. The Ninth Circuit has long recognized that class actions may be certified for the purpose of settlement only. *See Hanlon*, 150 F.3d at 1019. Pragmatically, provisional class certification facilitates distribution of notice on the terms of the proposed settlement and the date and time of the final approval hearing to all settlement class members. *See Manual* (Third) § 30.41.

The additional rulings sought by this motion—approving the form, content, and distribution of the Settlement Documents and scheduling a Final Approval Hearing—facilitate the settlement approval process, and are traditionally made at this preliminary approval stage. 4 *Newberg* § 11.26.

## B. Settlement Administration Timeline

The Stipulation sets forth a detailed proposed sequence for the relevant dates and deadlines embodied in the settlement, conditioned upon this Court granting preliminary approval of the proposed settlement. The schedule is outlined in the Proposed Order Preliminarily Approving Settlement filed herewith. See Kingsley Decl., ¶ 19, Ex. A, Stip. 11:7-15:21; Ex. B, Proposed Prelim. Approval Order.

## V. PRELIMINARY APPROVAL OF THE SETTLEMENT IS APPROPRIATE

The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost, and rigors of formal litigation. *See* 4 *Newberg* § 11.41 (and cases cited therein); *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976).

Preliminary evaluation of class action settlements is intended to determine

9

1  only whether the proposed settlement is within the range of possible approval or
2  whether it is potentially fair, as the Court will make a final determination on
3  adequacy at the final approval hearing. *See Acosta v. Trans Union LLC*, 243 F.R.D.
4  377, 386 (C.D. Cal. 2007); *In re Traffic Exec. Ass'n*, 627 F.2d 631, 633-34 (2d Cir.
5  1980); 4 *Newberg* § 11.25.

6       The Court has broad powers to determine whether a proposed settlement is
7  fair under the circumstances of the case, *see Torrisi*, 8 F.3d at 1375 ); *Acosta*, 243
8  F.R.D. at 384) (citing *Yamamoto v. Omiya*, 564 F.2d 1319, 1325 (9th Cir. 1977)),
9  and preliminary approval of a settlement agreement should be granted unless there
10 are reasons to doubt its fairness or there are other "obvious deficiencies" in the
11 proposed settlement making it clear it would not ultimately weather a final approval
12 hearing. *See In re Prudential Securities, Inc.*, 163 F.R.D. 200, 209 (S.D.N.Y. 1995)
13 (citing Manual (Third) § 30.41 at 237.

14      To make this fairness determination, courts consider several relevant factors,
15 including the strength of the plaintiff's case, the risk, expense, complexity and likely
16 duration of further litigation, the risk of maintaining class action status through trial,
17 the amount offered in settlement, the extent of discovery completed and the stage of
18 the proceedings, as well as the experience and views of counsel. *Torrisi*, 8 F.3d at
19 1375. This list of factors is not exclusive, however, and the court may balance and
20 weigh factors differently depending on the factual circumstances of each case. *See*
21 *id.* at 1376.

22      The *Manual* summarizes the preliminary approval criteria as follows:

23
24         If the preliminary evaluation of the proposed settlement
           does not disclose grounds to doubt its fairness or other
25         obvious deficiencies, such as unduly preferential
           treatment of class representatives or of segments of the
26         class, or excessive compensation for attorneys, and
           appears to fall within the range of possible approval, the
27         court should direct that notice . . . be given to the Class
28

Members of a formal fairness hearing, at which arguments and evidence may be presented in support of and in opposition to the settlement.

*Manual* (Third) § 30.41; *see also* 4 *Newberg* § 11.25.

When examining settlement agreements, a presumption of fairness exists where: (1) the settlement is reached through arm's-length bargaining; (2) investigation and discovery are sufficient to allow counsel and the court to act intelligently; (3) counsel is experienced in similar litigation; and (4) the percentage of objectors is small. 4 *Newberg* § 11.41.

Here, the Parties have conducted informed, good faith, arms-length negotiations, after multiple rounds of dispositive motions, with adequate access to necessary information, and did so with the assistance of a highly regarded and experienced mediator. Kingsley Decl., ¶ 20.

Proposed Class Counsel did sufficient investigation and discovery to be able to intelligently assess the viability of the claims, including the strengths and weaknesses of the case. Kingsley Decl., ¶ 21. The proposed settlement falls well within the range of reasonableness, as the terms of the agreement are fair and adequate and provide a good result for Plaintiff and the Settlement Class Members, especially considering the complexities of the case, the substantial risk inherent in non-certification, the risks of not prevailing on the merits at trial, and the serious risk that even if Plaintiff prevailed at trial the damages could be greatly reduced. Kingsley Decl., ¶ 22.

Proposed Class Counsel is experienced in class action matters and is capable of assessing the strengths and weaknesses of the claims and the benefits of the proposed settlement under the circumstances of the case and in the context of a private, consensual agreement. Kingsley Decl., ¶ 23. Proposed Class Counsel believes the settlement offers a fair result to Settlement Class Members, commensurate with the risks of further litigation.

Finally, proposed Class Counsel is not aware of any objectors; if there are any

11

1  potential objectors, they will have an opportunity to come forward during the notice

2  period.  Kingsley Decl., ¶ 24.

3      Accordingly, preliminary approval of the settlement is appropriate.  Kingsley

4  Decl., ¶ 25.

5  **A. The Terms of the Proposed Settlement Provide Reasonable**

6  **Compensation for Plaintiff's and Settlement Class Members'**

7  **Damages**

8      Ultimately, "a settlement should stand or fall on the adequacy of its terms."

9  *In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 211 (5th Cir. 1981).  The

10  Settlement Agreement reflects an excellent compromise.

11  **1.  The Settlement Provides a Significant Monetary Benefit to**

12  **Class Members**

13      During the applicable FCRA Settlement Period, November 21, 2012 through

14  July 1, 2018, it is estimated there are approximately 840 class members and during

15  the Wage Statement Settlement Period, November 21, 2016 through July 1, 2018, it

16  is estimated there are 213 class members.  "Kingsley Decl." at ¶ 26.  The Parties

17  have agreed to settle this matter for a sum total of $275,000, without reversion or

18  discount.  Kingsley Decl., ¶ 27.

19      Each Settlement Class Member who wishes to become a Participating

20  Settlement Class Member (entitling such Participating Settlement Class Member to

21  receive a settlement payment under the Settlement Agreement) will receive a

22  payment—based upon whether that Participating Settlement Class Member is

23  eligible under one or both Settlement Classes—based on a formula calculating the

24  amount for the FCRA claim ($75 per FCRA Class member) and a separate amount

25  for the Wage Statement claim as set forth in the Settlement Agreement.  Kingsley

26  Decl., ¶ 28, Ex. A, Stip. 14:13-24.  Based on the nature of the alleged violations,

27  proposed Class Counsel believe these amounts to be reasonable.  Kingsley Decl.,

28  ¶ 29.

In addition, Defendants have agreed to pay reasonable costs necessary to administer the settlement as detailed in the Settlement Agreement.  Kingsley Decl., ¶ 30, Ex. A, Stip. at 16:16-17:1.

> **2.**     **The Settlement's Financial Terms Reflect a Fair Discount From the Maximum Value of the Case Based on litigation Risks**

A discount on the maximum value of the case is warranted in light of the significant risks going forward.  Moreover, the settlement will be fully paid, without reversion or discount, and does not involve coupons, gift certificates, or vouchers of any kind.  Kingsley Decl., ¶ 32.

Plaintiff's first and second causes of action seek statutory damages between $100 and $1,000 for each willful violation of the FCRA, counting § 1681(b)(2)(A)(i) and (ii) as separate violations because Plaintiff claims that they create different substantive rights.  Plaintiff's third cause of action seeks statutory penalties of "fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) [per employee]...."  Cal. Labor Code § 226(e)(2).

Defendants' defenses to liability and certification are an important basis for validating the reasonableness of the settlement amount.  For example, Defendants contend that Plaintiff cannot allege Article III standing to assert his FCRA claims.  In *Spokeo, Inc. v. Robins*, the Supreme Court explained that "a bare procedural violation [of a statute], divorced from any concrete harm, cannot satisfy the injury-in-fact requirement of Article III."  136 S. Ct. 1540, 1548 (2016).  Last year, in applying *Spokeo* to a complaint alleging, as here, that a defendant violated the FCRA by including a liability waiver in its disclosure and authorization form, the Ninth Circuit tested the allegations in the complaint to discern whether it could be "fairly infer[red] that [the plaintiff] was confused by the inclusion of the liability waiver

13

with the disclosure and would not have signed it had it contained a sufficiently clear disclosure, as required in the statute." *Syed v. M-I, LLC*, 853 F.3d 492, 499-500 (9th Cir. 2017).   Defendants contend that although Plaintiff alleges that he was "confused" by L3 Unidyne Inc.'s disclosure form, Plaintiff did not allege that he "would not have signed" the authorization form absent the liability waiver.

Defendants also assert that Plaintiff cannot show that Defendants' alleged violation of the FCRA was "willful" as required for recovery. *See* 15 U.S.C § 1681n(a)(1).  Defendants also argue that Plaintiff's claim for violating the FCRA's proper authorization requirement does not state a claim and is duplicative of his first FCRA claim. *See Milbourne v. JRK Residential Am., LLC*, No. 3:12CV861, 2016 WL 1071570, at *12 (E.D. Va. Mar. 15, 2016) ("[T]he Standard Disclosure Form does not 'consist solely of the disclosure,' and therefore does not satisfy § 1681b (b)(2)(A)(i).   However, the Standard Disclosure Form nonetheless clearly communicates to the applicant that consumer reports will be procured for employment purposes, and explicitly obtains the applicant's permission for the dissemination of those reports.  Thus, the Standard Disclosure Form contains a clear and adequate written authorization and satisfies § 1681b(b)(2)(A)(ii).").

With respect to Plaintiff's claim under California Labor Code § 226(a)(8), Defendants contend that the wage statements comply with California law and, in any event, Plaintiff lacks Article III standing because he did not plead any facts to establish that he suffered a "concrete" injury as a result of any purported violation.

With respect to class certification issues, Defendants contend that both class definitions are overbroad.  A class can only be certified if it is defined so that every class member has Article III standing. *See Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 594 (9th Cir. 2012) ("[N]o class may be certified that contains members lacking Article III standing."); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 988 (9th Cir. 2011) ("[T]he district court must consider how best to define the class(es) to ensure that all class members have standing to seek the requested relief.").

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    Defendants contend that Plaintiff's FCRA Class is not limited to individuals who
2    were confused by the inclusion of a liability waiver in the disclosure form and would
3    not have signed an authorization but for its inclusion. Similarly, Defendants contend
4    that the Wage Statement Class is not limited to individuals with Article III
5    standing—e.g., those who suffered a "concrete" harm as a result of the purported
6    statutory violation of Labor Code § 226(a)(8). Defendants further contend that
7    Plaintiff's FCRA Class goes back five years, but the FCRA provides two statutes of
8    limitations—one of which only goes back 2 years—and mandates that each plaintiff
9    be bound by "the earlier of" the two. 15 U.S.C. § 1681p. Defendants contend that
10   each FCRA Class member who filled out a FCRA disclosure with a liability waiver
11   more than two years before the filing of the complaint would thus be subject to a
12   statute of limitations defense. Further, Defendants contend that the applicability of
13   an individualized statute of limitations defense—which requires a separate inquiry
14   into when each class member subject to the defense personally discovered the
15   alleged violation—means that a class action is not superior to other methods of
16   adjudication. *See Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 320 (4th Cir.
17   2006) (where statute of limitations defense cannot be resolved on a class-wide basis,
18   class certification is inappropriate). Finally, Defendants contend that Plaintiff's
19   status as a sex offender makes him an obviously inadequate class representative. *See*
20   *Dunford v. Am. DataBank*, LLC, 64 F. Supp. 3d 1378, 1396 (N.D. Cal. 2014) (class
21   representative asserting FCRA claim not adequate because of convictions);
22   *Schleicher v. Wendt*, No. 1:02-CV-1332-DFH-TAB, 2009 WL 761157, at *3 (S.D.
23   Ind. Mar. 20, 2009), *aff'd*, 618 F.3d 679 (7th Cir. 2010) ("This court is not willing
24   to appoint as a class representative a person with a criminal conviction for fraud.").
25          Using the full value of the underlying claims, as described above, Plaintiff felt
26   a steep discount was warranted. Kingsley Decl., ¶ 32. Plaintiff factored in the risks
27   associated with class certification and the strength of Defendants' defenses when
28   reaching this settlement. Kingsley Decl., ¶ 33.

15

**B. The Settlement is the Product of Serious, Arm's-Length, Informed Negotiations and There Are No Indications Present to Doubt Its Fairness**

The Parties engaged in arm's-length, informed negotiations during the course of this litigation in order to reach the proposed settlement. Kingsley Decl., ¶ 34.

The judgment of experienced counsel is an important factor in a court's determination that negotiations were fair and informed. Absent fraud and collusion, the court may not only *rely* upon the judgment of experienced counsel, but "should be hesitant to substitute its own judgment for that of counsel." *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977); *see also Officers for Justice v. Civ. Serv. Comm'n of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982). Furthermore, the involvement of an objective, third-party neutral tends to demonstrate the presence of arm's-length negotiations. *See Martens v. Smith Barney, Inc.*, 181 F.R.D. 243, 262-63 (S.D.N.Y. 1998). Proposed Class Counsel has a great deal of experience litigating and evaluating class action cases. Kingsley Decl., ¶ 35, 51. Defendants' counsel are also experienced in defending class actions of this type.

Proposed Class Counsel have conducted significant investigation and discovery into the facts of this class action case. The settlement negotiations were guided by Hon. Carl J. West (Ret.), a preeminent mediator in the field, who explained the limitations that both Plaintiff and Defendants faced. Kingsley Decl. ¶ 36.

Based on this investigation and evaluation, proposed Class Counsel firmly believes the settlement, on the terms set forth in the Settlement Agreement, is fair, just, reasonable, adequate, and in the best interest of the Settlement Classes in light of all known facts and circumstances, including the risk of significant delay, the risk the Settlement Classes will not be certified by the Court, defenses asserted by Defendants, and numerous potential appellate issues. Preliminary approval of the Settlement Agreement is appropriate. Kingsley Decl., ¶ 37.

16

## VI.   <u>PROVISIONAL CLASS CERTIFICATION IS APPROPRIATE</u>

The Plaintiff may, at the preliminary approval stage, request that the Court provisionally approve certification of the class for settlement purposes, conditioned upon final approval of the settlement. 4 *Newberg* § 11.26 (the court's findings "at a preliminary hearing or conference concerning a tentative settlement proposal . . . may be set out in conditional orders granting tentative approval to the various items.... These conditional rulings may approve a temporary settlement class, the proposed settlement, and the class counsel's application for fees and expenses."). Before a court evaluates a settlement under FRCP 23(e), it must determine that the settlement classes satisfy the requirements enumerated under Rule 23(a) and at least one of the requirements in Rule 23(b). *In re UTStarcom, Inc. Sec. Litig.*, No. C04-04908 JW, 2010 WL 1945737, at * 3 (N.D. Cal. May 12, 2010). As discussed below, the proposed Settlement Classes meet all of the requirements of certification for settlement purposes.

### A. FRCP 23(a) Requirements for Class Certification Are Met

Preliminary approval of the settlement is justified because the class certification requirements exist for the Settlement Classes. Rule 23(a) provides the factors that the Court looks to for class certification: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. All four of these elements are satisfied by the proposed Settlement Classes for settlement purposes.

#### 1. Numerosity

If the class is sufficiently large that joinder of all members is impractical or that individual joinder is impractical, the numerosity requirement is met. *See Hanlon*, 150 F.3d at 1019.

During the applicable FCRA Settlement Period, it is estimated there are

17

approximately 840 class members, and during the Wage Statement Settlement Period, it is estimated there are 213 class members. "There is no mechanical test for determining whether in a particular case the requirement of numerosity has been satisfied." *Speaks v. U.S. Tobacco Coop., Inc.*, 324 F.R.D. 112, 135-36 (E.D.N.C. 2018). However, Courts have found that classes around this size meet the numerosity requirement. *See, e.g., Pataky v. Brigantine, Inc.*, No. 17-cv-00352-GPC-AGS 2018 WL 3020159, at *4 (S.D. Cal. June 19, 2018) (finding that a class of "nearly 800 Settlement Class Members" satisfied numerosity for class certification for settlement purposes.) Therefore, for the proposed Settlement Classes, joinder of individual claims would be impractical and the numerosity requirement is satisfied for settlement purposes. Kingsley Decl., ¶ 38.

## 2. Commonality

The commonality requirement of Rule 23(a) is met if there are common questions of fact and law among the class. *Hanlon*, 150 F.3d at 1019 ("The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class").

Here, the Settlement Class Members all seek the same remedies under identical law and the same theories of recovery. All Settlement Class Members' claims relate to Defendant L3 Unidyne, Inc.'s alleged violation of the Fair Credit Reporting Act for failure to make proper disclosures and obtain proper authorization, and alleged failure to provide accurate itemized wage statements under the California Labor Code. Kingsley Decl., ¶ 39.

The settlement compensates Settlement Class Members for these identical claims. Kingsley Decl., ¶ 40. Under these circumstances, the commonality requirement is satisfied for settlement purposes. *Hanlon*, 150 F.3d at 1019-20.

## 3. Typicality

The typicality requirement of Rule 23(a) is met if the claims of the plaintiff are typical of each class, though "they need not be substantially identical." *Hanlon*,

18

150 F.3d at 1020. Factual differences may exist between the classes and the plaintiff, provided the claims arise from the same events or course of conduct and are based upon the same legal theories. *Welmer v. Syntex,* 117 F.R.D. 641, 644 (N.D. Cal. 1987). Moreover, the typicality and commonality elements of Rule 23(a) "tend to merge" because both assess whether the claims of a class and the plaintiffs are sufficiently interrelated to make class treatment appropriate. *Gen. Tel. Co. of the SW v. Falcon,* 457 U.S. 147, 157 n. 13 (1982).

Here, Plaintiff's claims are not only typical of those of all Settlement Class Members—they are identical. Plaintiff alleges that Defendants included a liability waiver in a form that contained the disclosure and authorization permitting a background check as well as a waiver of his rights to sue. Kingsley Decl., ¶ 41. This is the same claim alleged on behalf of all FCRA Class members. Kingsley Decl., ¶ 42. The same analysis is true of Plaintiff's claim regarding information allegedly missing from his and all other Wage Statement Class members' wage statements. Plaintiff satisfies the typicality requirement for settlement purposes because his claims arise from the same factual basis and are based on the same legal theories as those applicable to all Settlement Class Members. *Welmer,* 117 F.R.D. at 644.

### 4. Adequacy of Representation

Rule 23(a)(4) requires that the plaintiff and class counsel fairly and adequately represent and protect the interests of each class. If the plaintiff and class counsel have no interests adverse to the interest of the proposed class members and are committed to vigorously prosecuting the case on behalf of the classes, then the adequacy requirement is met. *Hanlon,* 150 F.3d at 1020; *see also Griffin v. Carlin,* 755 F.2d 1516, 1533 (11th Cir. 1985).

Plaintiff has interests directly aligned with all Settlement Class Members and has prosecuted this case on their behalf. He has no apparent conflicts with Settlement Class Members. He has demonstrated his commitment to prosecute this litigation on their behalf through its conclusion. Kingsley Decl., ¶ 43.

19

1    Under the proposed settlement, ESTES requests a small enhancement

2   payment—$5,000—for his time and efforts, including assisting proposed Class

3   Counsel with factual issues surrounding the case, participation at the mediation and

4   potential exposure to costs if he did not prevail. Kingsley Decl., ¶ 44. This award

5   represents a small percentage of the total value of the settlement consideration, and

6   therefore does not constitute a sufficient conflict of interest to foreclose fulfilling the

7   adequacy requirement. Kingsley Decl., ¶ 45.

8    Additionally, proposed Class Counsel are experienced litigators.   As

9   evidenced by the declaration of Eric Kingsley, proposed Class Counsel have

10   substantial experience prosecuting complex class action cases, both in the consumer

11   and employment contexts.  As such, there is no conflict of interest between the

12   Plaintiff, proposed Class Counsel, and the Settlement Class Members, and the

13   adequacy element is met.  Kingsley Decl., ¶ 46.

14   **B. FRCP 23(b)(3) Requirements for Class Certification Are Met**

15    The proposed Settlement Classes also meet the requirements of Rule 23(b)(3)

16   for settlement purposes because: (1) common questions predominate over questions

17   that affect individual members; and (2) class resolution is superior to other available

18   methods of adjudication.  When assessing predominance and superiority, the Court

19   may consider that the classes will be certified for settlement purposes only. *Amchem*

20   *Prods., Inc. v. Windsor*, 521 U.S. 591, 618-620 (1997). A showing of manageability

21   at trial is unnecessary; the dispositive inquiry at this stage is "whether proposed

22   classes are sufficiently cohesive to warrant adjudication by representation." *Id.* at

23   618-20, 623; *see also Hanlon*, 150 F.3d at 1022.

24   **1. Predominance**

25    The claims of the Settlement Classes here are sufficiently cohesive to warrant

26   certification.  For settlement purposes, common questions of fact and law affecting

27   proposed Settlement Class Members in this case predominate over questions that

28   may affect individual members.  In analyzing predominance, as with commonality,

20

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

it is not necessary that all questions of fact or law be common, but only that some questions are common and that they predominate over individual questions. *Hanlon*, 150 F.3d at 1022.  The test is whether the proposed classes are sufficiently cohesive to warrant adjudication by representation.  Here, the proposed Settlement Classes are sufficiently cohesive because all Settlement Class Members share a common nucleus of facts and potential legal remedies—the same facts and law govern their claims.  All of the Settlement Class Members seek statutory damages and penalties based on the same allegations.  As a result, common questions of law and fact predominate here.  Kingsley Decl., ¶ 47.

### 2. Superiority

Particularly in the settlement context, class resolution is superior to other available methods for the fair and efficient adjudication of the controversy.  The superiority requirement involves a "comparative evaluation of alternative mechanisms of dispute resolution." *Hanlon*, 150 F.3d at 1023.  Here, as in *Hanlon*, the alternative method of resolution is hundreds of individual claims for relatively small amounts of damages, proving uneconomical for potential plaintiffs because the cost of litigation dwarfs potential recovery. *Id.*

### VII.   THE PROPOSED CLASS NOTICE IS APPROPRIATE

### A. The Class Notice Satisfies Due Process

The draft notice ("Notice") apprises all Settlement Class Members of the litigation and their options under the settlement.  Kingsley Decl., ¶ 48, Ex. A.  This proposed Notice meets the standards set forth in Rule 23(c)(2)(B) for classes certified under Rule 23(b)(3).  The Notice is being provided directly to the Settlement Class Members based on the class list to be provided by Defendants.  Kingsley Decl., ¶ 49, Ex. A, Stip. 11:11-26.

### B. The Proposed Notice Is Accurate and Informative

The proposed Notice provides information on the meaning and nature of the proposed settlement and Settlement Classes, the terms and provisions of the

21

Stipulation, the relief the settlement will provide Settlement Class Members, the amount of the proposed enhancement payment to Plaintiff, the amount of attorneys' fees and costs that proposed Class Counsel may request, and the date, time, and place of the Final Approval Hearing. The Notice clearly and accurately describes the nature of the action, the definition of the Settlement Classes, and the class claims. Kingsley Decl., ¶ 50, Ex. A, Stip, Ex. A. The Notice also informs Settlement Class Members that they may file objections to the settlement as required by Rule 23(e)(4)(A) and enter an appearance through counsel if they so desire, indicates that the Court will exclude from the Settlement Classes any member who requests exclusion, and explains the binding nature of class judgment under Rule 23(c)(3). *Id.*

Further, the Notice fulfills the requirement of neutrality in class notice. *See* 3 *Newberg on Class Actions*, § 8:12 (5th ed. 2018) ("[C]ourts generally insist that the notice be presented in "objective, neutral terms."). It summarizes the proceedings to date, Plaintiff's allegations, and the terms and conditions of the Settlement Agreement in an informative and coherent manner, in compliance with the *Manual's* statement that "the notice should be accurate, objective, and understandable to Class Members. . . ." *Manual* (Third) at § 30.211. The Notice clearly states that the settlement does not constitute an admission of liability by Defendants and recognizes that the Court has not ruled on the merits of the action. It also states that the final settlement approval decision has yet to be made. Accordingly, the Notice complies with the standards of fairness, completeness, and neutrality required of a settlement class notice disseminated under authority of the Court. *See* Fed. R. Civ. P. 23(c)(2), 23(e); 2 *Newberg* §§ 8.21, 8.39; *Manual* (Third) §§ 30.211, 30.212.

## VIII. **PLAINTIFF REQUESTS A FINAL APPROVAL HEARING**

The last step in the settlement approval process is the formal hearing, at which the Court may hear all evidence and argument necessary to evaluate the settlement. At that hearing, proponents of the settlement may explain and describe its terms and

1 conditions and offer argument in support of settlement approval, and members of

2 the Settlement Classes who have filed a valid and timely objection, or their counsel,

3 may be heard in support of or in opposition to the Settlement Agreement. Plaintiff

4 recommends that the hearing be held approximately 80 days after preliminary

5 approval by the Court, and at least 30 days after the Notice's response deadline,

6 which Plaintiff believes would give the Parties sufficient time to complete the

7 administration process and the notice program. Before the notice period begins,

8 Plaintiff's Counsel will brief and file its application for an award of attorneys' fees

9 and costs, and for the Plaintiff's enhancement award.

10 **IX.    CONCLUSION**

11 The settlement is fair and reasonable and all of the requirements for

12 preliminary approval are met. The Court is therefore requested to grant this motion

13 and enter an order in the form submitted concurrently herewith.

14 DATED: June 21, 2018          KINGSLEY & KINGSLEY, APC

16 By:_____

17 Eric B. Kingsley

18 Kelsey M. Szamet
   Attorneys for Plaintiff JOSEPH ESTES

**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT;**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**