UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ESTES an individual, on behalf of himself and others similarly situated<br><br>PLAINTIFF,<br><br>v.<br><br>L3 TECHNOLOGIES, INC.; L3 UNIDYNE, INC.; and DOES 1 through 50, inclusive,<br><br>DEFENDANTS. | CASE NO. 3:17-cv-02356-H-JMA<br><br>[Case Assigned for All Purposes to Hon. Marilyn L. Huff]<br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |

On August 1, 2018, the Court, the Honorable Marilyn L. Huff presiding, conducted a hearing regarding the motion brought by Plaintiff Joseph Estes ("Plaintiff" or "Estes") for Preliminary Approval of Class Action Settlement.  The parties appeared by and through their respective counsel of record.

After considering the papers and the arguments of counsel, including the joint Stipulation of Settlement dated as of June 25, 2018 ("Stipulation of Settlement") entered into by Plaintiff and L3 Technologies, Inc. and L3 Unidyne, Inc. (together, "Defendants") and good cause appearing, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. For purposes of this Order, the Court adopts and incorporates all definitions set forth in the Stipulation of Settlement unless a different definition is set forth in this Order.

2. The Court finds, preliminarily and for purposes of this settlement only, that the requirements of Rule 23 of the Federal Rules of Civil Procedure and other laws and rules applicable to preliminary settlement approval of class actions have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Classes is impracticable; (b) there are questions of law or fact common to the Settlement Class Members that predominate over any individual questions; (c) the claims of the Named Plaintiff are typical of the claims of the Settlement Classes he seeks to represent; (d) the Named Plaintiff fairly and adequately represents the interests of the Settlement Classes; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Litigation.

3. The Court preliminarily approves the settlement of this Litigation as memorialized in the Stipulation of Settlement, which is incorporated herein by this reference, subject to further consideration at the Final Approval Hearing described below, and thus hereby:

(a) Conditionally certifies, for purposes of implementing the Stipulation of Settlement, that the two (2) Settlement Classes shall consist of:

> i. "All individuals who applied for a position with L3 Unidyne, Inc. in the United States who filled out a "Background Investigative Consent" form that included an authorization and liability release clause at any time during the period beginning five (5) years prior to the filing of the Class Action Complaint in this action through the

earlier of preliminary approval of the settlement or July 1, 2018 (the "FCRA Class")."

  ii. "All L3 Unidyne, Inc. employees in the State of California who worked one or more pay periods since one (1) year prior to the filing of the First Amended Class Action Complaint in this action and continuing through the earlier of preliminary approval of the settlement or July 1, 2018 (the "Wage Statement Class").";

 (b) Appoints Plaintiff Joseph Estes as the representative of the Settlement Classes; and

 (c) Appoints Eric B. Kingsley and Kelsey M. Szamet of Kingsley & Kingsley APC and Emil Davtyan of Davtyan Professional Law Corporation as attorneys for the Settlement Classes for purposes of settlement and finds for the purposes of settlement that these attorneys are qualified to represent the Settlement Classes.

 4. The Court approves, as to form and content, the Stipulation of Settlement. The Court finds that: (a) the Stipulation of Settlement resulted from good faith, arm's-length negotiations; and (b) the Stipulation of Settlement is sufficiently fair, just, reasonable, and adequate to the Settlement Class Members to warrant providing notice of the settlement to Settlement Class Members and holding a Final Approval Hearing.

 5. The Final Approval Hearing shall be held on January 7, 2019, at 10:30 a.m. before the Honorable Marilyn L. Huff, in Courtroom 15A, of the United States District Court for the Southern District of California, located at 333 West Broadway, Suite 1510, San Diego, CA 92101. At that time, the Court shall determine: (a) whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation of Settlement is fair, just, reasonable, and adequate and should be finally approved; (b) whether judgment as provided in the Stipulation of Settlement should be entered herein; and (c) whether to approve the proposed distribution formula as a fair and reasonable method to allocate the Net Settlement Amount among the Settlement Classes. The Court may continue or adjourn the Final Approval Hearing without further notice to members of the Settlement Classes.

 6. The Court approves, as to form and content, the Notice of Class Action Settlement (the "Notice"). The Court finds that distribution of the Notice in the manner set forth in this Order and the Stipulation of Settlement constitutes the best notice practicable and is valid, due, and

sufficient notice to all members of the Settlement Classes, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable laws.

7. The Court approves the selection of RG/2 Claims Administration LLC to be the Claims Administrator. The Claims Administrator will administer the applicable provisions of the Stipulation of Settlement, including, but not limited to, mailing or, with respect to current employees, emailing the Notice to each class member, receiving and examining claims, determining the eligibility for settlement payments for qualified claimants, and distributing settlement payments to Participating Settlement Class Members.

8. All Settlement Class Members shall be bound by all determinations and judgments in this Litigation concerning the settlement, unless such person requests exclusion from the Settlement Classes in a timely and proper manner.

9. Any person that qualifies as a Settlement Class Member shall have forty five (45) calendar days after the Notice is initially mailed or, with respect to current employees, emailed to the Members of the Settlement Classes (the "Exclusion Deadline") to submit a valid request for exclusion ("Request to be Excluded") from the settlement to the Claims Administrator at the address designated in the Notice. The timeliness of requests for exclusion shall be determined by valid postmark.

10. In order to be valid, each Request to be Excluded (a) must state the name, address, telephone number, and employee identification number or the last four digits of the Social Security Number of the person seeking exclusion and (b) must be signed by the person seeking exclusion.

11. A Request to be Excluded shall not be valid or effective unless it provides the required information as true and accurate and is made within the time stated above. The Claims Administrator shall provide all Requests to be Excluded and supporting documentation submitted therewith (including untimely requests) to counsel for the Parties as soon as possible and no later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline). The Settlement Classes will not include any person who delivers a valid and timely Request to be

Excluded.

12. Any Settlement Class Member who submits a Request to be Excluded shall not be deemed to have submitted to the jurisdiction of any Court in the United States for any matter on account of such submission.

13. All persons who submit a valid and timely Request to be Excluded will be forever barred from receiving any payments pursuant to this settlement.

14. Any Settlement Class Members may object to the approval of the settlement or the award of attorneys' fees and reimbursement of expenses to Plaintiff's counsel and the enhancement payment to be paid to the Class Representative. All objections by any Settlement Class Member must be mailed to the Claims Administrator no later than forty five (45) calendar days after Notice is initially mailed or, with respect to current employees, emailed to the Settlement Class Members.

15. Any Settlement Class Member who has filed and served such written objections may, but is not required to, appear himself or herself, or through counsel, at the Final Approval Hearing and object to the approval of the settlement or the award of attorneys' fees and reimbursement of expenses to Plaintiff's counsel or the award of an enhancement payment to the Named Plaintiff. No Settlement Class Member, or any other person, shall be heard or entitled to contest the approval of the proposed settlement, the judgment to be entered approving the same, the award of attorneys' fees and reimbursement of expenses to Class Counsel, or the enhancement payment to the Named Plaintiff, unless that Settlement Class Member has mailed written objections in the manner set forth in the Notice. The Parties may file a response to any objections submitted by objecting Settlement Class Members concurrently with the motion for final approval of the settlement.

16. Any Settlement Class Member who does not make his or her objection(s) in the manner so provided herein and in the Notice shall be deemed to have waived such objection(s) and shall forever be foreclosed from making any objection(s) to the fairness or adequacy of the proposed settlement as incorporated in the Stipulation of Settlement, the award of attorneys' fees and reimbursement of expenses to Class Counsel, and the enhancement payment to the Named

Plaintiff, and the right to appeal any orders that are entered relating thereto, unless otherwise ordered by the Court.

17. All papers in support of the settlement and the application for attorneys' fees or expenses shall be filed and served no later than fifteen (15) calendar days prior to the Final Approval Hearing.

18. Defendants, their counsel, and the Releasees shall have no responsibility or liability with respect to any application for attorneys' fees or expenses submitted by Class Counsel or for an enhancement payment to the Named Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

19. Neither the Stipulation of Settlement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants or any of the Releasees of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind. Further, neither the Stipulation of Settlement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by the Named Plaintiff of the validity of any factual or legal defense or of any infirmity in any of the claims or facts alleged in this Litigation.

20. The Parties may elect to terminate this settlement only as provided in the Stipulation of Settlement and the Supplemental Agreement. In such event, or in the event the settlement does not become effective in accordance with the terms of the Stipulation of Settlement or the Effective Date does not occur, then the Stipulation of Settlement and this Order (including any amendment(s) thereof, and except as expressly provided in the Stipulation of Settlement or by order of the Court) shall be rendered null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any person against the Parties or the Releasees, and each shall be restored to his, her, or its respective litigation positions as they existed prior to the execution of the Stipulation of Settlement.

21. Pending final determination of whether the settlement should be approved, all

Settlement Class Members and each of them, and anyone acting or purporting to act for any of them, shall be enjoined from prosecuting, attempting to prosecute, or assisting in the prosecution of, any settled claims, as set forth in Stipulation of Settlement. In addition, the Litigation is stayed.

22. The Court reserves the right to adjourn the date of the Final Approval Hearing and any adjournment thereof without further notice to the members of the Settlement Classes, and retains jurisdiction to consider all further applications arising out of or connected with the Stipulation of Settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class Members.

**IT IS SO ORDERED.**

DATED: August 8, 2018

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT